CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 23 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | |
|---|---|
| **DONNAMARIE NOBILI,** Administrator of the Estate of **JOHN C. TOMER, Deceased,** | ) ) ) ) |
| Plaintiff, | ) ) Case No.: 4:21CV00022 |
| v. | ) ) ) |
| **CHEVRON U.S.A., INC.,** *et al.*, | ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants E. I. du Pont de Nemours and Company ("DuPont") and Shell Oil Company ("Shell") file this Notice of Removal to remove this civil action from the Circuit Court of the City of Danville, Virginia, where it was filed as Civil Action Number CL-21-092, to the United States District Court for the Western District of Virginia, Danville Division. Diversity of citizenship is complete, the amount in controversy exceeds $75,000, and all properly served defendants have consented or will consent to removal. DuPont and Shell make the following "short and plain statement of the grounds for removal":

### STATE COURT ACTION

1.  On January 29, 2021, Plaintiff Donnamarie Nobili, Administrator of the Estate of John C. Tomer, Deceased ("Plaintiff") filed this lawsuit styled *Donnamarie Nobili, Administrator of the Estate of John C. Tomer, Deceased v. Chevron U.S.A., Inc.* in the Circuit Court of the City of Danville, Virginia, where it was assigned Case Number CL-21-092 (the "State Action"). *See* Exhibit 3, Complaint.

2. Plaintiff alleges that John C. Tomer, deceased, contracted acute myeloid leukemia ("AML") and ultimately died as a result of occupational exposure to benzene-containing products. She seeks to recover damages on behalf of Mr. Tomer's statutory beneficiaries for sorrow, mental anguish and solace, compensation for loss of income and services, expenses for care, treatment and hospitalization of Mr. Tomer, and funeral expenses.

## DIVERSITY OF CITIZENSHIP

3. Jurisdiction exists over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441.

4. Under 28 U.S.C. § 1332(a)(1), this is a civil action "between . . . citizens of different states," and complete diversity exists as to all parties.

5. Plaintiff Donnamarie Nobili filed this lawsuit in her capacity as administrator of the estate of John C. Tomer, deceased, who was located in Virginia. Complaint ¶¶ 1-2. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Mr. Tomer's estate was opened in Virginia, where he worked for the duration of his employment at Goodyear. Complaint ¶¶ 1-2 & Ex. A thereto. Based on the foregoing allegations, and on other information and belief, Plaintiff is a citizen of Virginia.

6. None of the defendants in this lawsuit is a citizen of Virginia. Complaint ¶¶ 3-47; *and see* 28 U.S.C. § 1332(c)(1); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 192 (1990); *see also*, *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997) (the citizenship of a partnership depends on that of each of its partners). Likewise, none of the defendants is a citizen of the State where this action is brought, pursuant to 28 U.S.C. § 1441(b).

7. Defendant, Chevron USA Inc., is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in California. Complaint at ¶ 3. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

8. Defendant, Shell Chemical LP is a limited partnership organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 4. The partners of Shell Chemical LP are citizens of Delaware and Texas. No partner of Shell Chemical LP is a citizen of Virginia, and Shell Chemical LP is not a citizen of Virginia.

9. Defendant, Shell Oil Company is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 5. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

10. Defendant, Union Oil Company of California is a corporation organized and existing under the laws of California, with its principal place of business in California. Complaint at ¶ 6. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

11. Defendant, Citgo Petroleum Corporation is a corporation organized and existing under the laws of Delaware. Complaint at ¶ 7. Plaintiff alleges Citgo Petroleum Corporation's principal place of business is located in Oklahoma, *see id.*; according to the Virginia State Corporation Commission, Citgo Petroleum Corporation's principal place of business is presently located in Texas. In any event, Citgo Petroleum Corporation is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

12. Defendant, BP Corporation of North America is a corporation organized and existing under the laws of Indiana. Complaint at ¶ 8. Plaintiff alleges that BP Corporation of North America's principal place of business is located in Illinois, *see id.*; according to the Virginia

3

State Corporation Commission, BP Corporation of North America's principal place of business is presently located in Texas. In any event, it is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

13. Defendant, Texaco, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York. Complaint at ¶¶ 9 & 41.[1] It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

14. Defendant, Mobil Oil Corp., which is incorrectly named and is presently known as ExxonMobil Corporation, is a corporation organized and existing under the laws of New York, with its principal place of business in New York. Complaint at ¶ 10. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

15. Defendant, Honeywell International Inc. is a corporation organized and existing under the laws of Delaware. Complaint at ¶ 11. Plaintiff alleges that Honeywell International Inc.'s principal place of business is located in New Jersey, *see id.*; according to the Virginia State Corporation Commission, Honeywell International Inc.'s principal place of business is presently located in North Carolina. Honeywell International Inc. is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

16. Defendant, American Oil Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Illinois. Complaint at ¶ 12. It is not a citizen of Virginia.

17. Defendant, Atlantic Richfield Company is a corporation organized and existing under the laws of Delaware. Complaint at ¶ 13. Plaintiff alleges that Atlantic Richfield Company has its principal place of business in California, *see id.*; according to the Virginia State Corporation

---

[1] Texaco, Inc. is listed as a defendant twice in the Complaint. It is addressed only once herein.

Commission, Atlantic Richfield Company's principal place of business is presently located in Texas. Atlantic Richfield Company is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

18. Defendant, BP Amoco Chemical Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Illinois. Complaint at ¶ 14. It is not a citizen of Virginia. 2 8 U.S.C. § 1332(c)(1).

19. Defendant, BP Products North America Inc. is a corporation organized and existing under the laws of Maryland, with its principal place of business in Illinois. Complaint at ¶ 15. It is not a citizen of Virginia. 2 8 U.S.C. § 1332(c)(1).

20. Defendant, ConocoPhillips Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 16. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

21. Defendant, Chevron Phillips Chemical Company LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 17. No member of Chevron Phillips Chemical Company LLC is a citizen of Virginia, and Chevron Phillips Chemical Company LLC is not a citizen of Virginia. The members of Chevron Phillips Chemical Company LLC are citizens of Pennsylvania, California, Delaware, and Texas.

22. Defendant, Chevron Phillips Chemical Company LP is a limited partnership organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 18. The owners of Chevron Phillips Chemical Company LP are citizens of Delaware and Texas. No member of Chevron Phillips Chemical Company LP is a citizen of Virginia, and Chevron Phillips Chemical Company LP is not a citizen of Virginia.

23. Defendant, Continental Oil Co. n/k/a ConocoPhillips is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 19. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

24. Defendant, The Dow Chemical Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Michigan. Complaint at ¶ 20. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

25. Defendant, Eastman Chemical Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Tennessee. Complaint at ¶ 21. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

26. Defendant, E. I. du Pont de Nemours and Company is a corporation organized and existing under the laws of Delaware, with its principal place of business in Delaware. Complaint at ¶ 22. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

27. Defendant, El Paso Tennessee Pipeline Co. LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 23. No member of El Paso Tennessee Pipeline Co. LLC is a citizen of Virginia, and El Paso Tennessee Pipeline Co. LLC is not a citizen of Virginia.

28. Defendant, EPEC Corp. n/k/a El Paso Corporation is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 24. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

29. Defendant, Exxon Mobil Corp. is a corporation organized and existing under the laws of New Jersey, with its principal place of business in Texas. Complaint at ¶ 25. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

30. Defendant, Huntsman Petrochemical LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Utah. Complaint at ¶ 26. The member of Huntsman Petrochemical LLC is a citizen of Delaware and Texas. No member of Huntsman Petrochemical LLC is a citizen of Virginia, and Huntsman Petrochemical LLC is not a citizen of Virginia.

31. Defendant, Huntsman International LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 27. The member of Huntsman International LLC is a citizen of Delaware and Texas. No member of Huntsman International LLC is a citizen of Virginia. Thus, Huntsman International LLC is not a citizen of Virginia.

32. Defendant, Mitsubishi International Corp. is a corporation organized and existing under the laws of New York, with its principal place of business in New York. Complaint at ¶ 28. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

33. Defendant, Mitsui and Co. USA Inc. is a corporation organized and existing under the laws of New York, with its principal place of business in New York. Complaint at ¶ 29. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

34. Defendant Monsanto Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Missouri. Complaint at ¶ 30. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

35. Plaintiff alleges that Defendant, Occidental Chemical Corp. n/k/a OxyChem, is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 31. According to the Virginia Secretary of State records, Occidental

Chemical Corp. is incorporated in New York. In any event, it is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

36. Defendant, Oxy USA Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 32. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

37. Defendant, Pharmacia Corp. f/k/a Monsanto Co. is not incorporated in either North Carolina or Virginia, and it does not maintain a principal place of business in either North Carolina or Virginia. Complaint at ¶ 33. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

38. Defendant, Sabic Americas Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 34. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

39. Plaintiff alleges that Defendant, Solutia Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Missouri. Complaint at ¶ 35. According to the Virginia Secretary of State records, Solutia Inc.'s principal place of business is presently located in Tennessee. In any event, it is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

40. Defendant, South Hampton Refining Co. n/k/a South Hampton Resources, Inc. is a corporation organized and existing under the laws of Texas, with its principal place of business in Texas. Complaint at ¶ 36. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

41. Defendant, Sunoco, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania. Complaint at ¶ 37. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

42. Defendant, Sun Oil Co. n/k/a Sunoco LP is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 38. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

43. Tenneco Inc. has been dismissed and is no longer a defendant. *See* Exhibit 7.

44. Defendant Tennessee Gas Pipeline Co. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 40. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

45. Plaintiff alleges that Defendant, Texas Petrochemicals LP, incorrectly named and should actually be TPC Group LLC, is a corporation organized and existing under the laws of Texas, with its principal place of business in Texas. Complaint at ¶ 42. On information and belief, the partner and/or member of Texas Petrochemicals LP is a citizen of Delaware and Texas, and no member or partner of this entity is a citizen of Virginia. In any event, this entity is not a citizen of Virginia.

46. Plaintiff alleges that Defendant, TPC Group LLC is a corporation organized and existing under the laws of Texas, with its principal place of business in Texas. Complaint at ¶ 43. On information and belief, TPC Group LLC is a Texas limited liability company. On information and belief, the member of TPC Group LLC is a citizen of Delaware and Texas, and no member of this entity is a citizen of Virginia. Thus, this entity is not a citizen of Virginia.

47. Defendant TPC Holdings Corp. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. *Id.* at ¶ 44. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

48. Defendant Univar USA Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Illinois. Complaint at ¶ 45. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

49. Plaintiff alleges that Williams Olefins LLC n/k/a NOVA Chemicals Olefins LLC is a corporation organized and existing under the laws of Delaware. Complaint at ¶ 46. Its sole member is a Delaware corporation and is not a citizen of Virginia. Thus, this entity is not a citizen of Virginia.

50. Defendant, Westlake Chemical Corp. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Texas. Complaint at ¶ 47. It is not a citizen of Virginia. 28 U.S.C. § 1332(c)(1).

51. Thus, complete diversity of citizenship exists between the parties in this case under 28 U.S.C. § 1332(c)(1), and it is properly removable under 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

52. Where removal is predicated upon diversity jurisdiction conferred by 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2).

53. Plaintiff expressly demands damages in the sum of $25,000,000.00, plus interest. Thus, the amount in controversy in this matter exceeds the amount of $75,000.00, exclusive of interest and costs.

54. Furthermore, it is facially apparent from the Complaint and from the value of the object of the litigation that the amount in controversy exceeds the sum or value of $75,000. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362 (4th Cir. 2013). Plaintiff alleges that Mr. Tomer developed AML as a result of occupational exposure to benzene-containing products, and that this

ultimately resulted in his death.  Plaintiff seeks (1) lost income, (2) medical and hospitalization expenses, (3) damages for sorrow, mental anguish and solace, including society, companionship, comfort, guidance, kindly offices and advice of the decedent, and (4) funeral expenses.

### **ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

55. Both DuPont and Shell were served with Summons and Plaintiff's Complaint on March 26, 2021.  *See* Exhibit 1, Service of Process on DuPont; Exhibit 2, Service of Process on Shell.  Thus, under 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after both DuPont and Shell received the Summons and Plaintiff's Complaint in the State Action, and is timely filed.[2]

56. In addition, all defendants who have been "properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

57. All defendants properly joined and served prior to or at the same time as DuPont and Shell consent to the removal of this matter by DuPont and Shell.  Defendants served after DuPont and Shell, but before the filing of this notice of removal, have 30 days to join in or consent to removal.  28 U.S.C. § 1446.

58. The following defendants timely join in and consent to this removal, as further evidenced by the joinder and consents attached hereto as Exhibit 6:

American Oil Company (Cmpl. ¶ 12);

Atlantic Richfield Company (Cmpl. ¶ 13);

BP Corporation of North America (Cmpl. ¶ 8);

BP Products North America, Inc. (Cmpl. ¶ 15);

BP Amoco Chemical Company (Cmpl. ¶ 14);

---

[2] Some defendants in this action were served one day before DuPont and Shell.  28 U.S.C. § 1446(b)(2)(B).  This notice of removal is timely insofar as it is filed 30 days after service on DuPont and Shell.  Furthermore, the previously served defendants have all consented to removal in compliance with 28 U.S.C. § 1446(b)(2)(C).

Chevron Phillips Chemical Company LLC (Cmpl. ¶ 17);

Chevron Phillips Chemical Company, LP (Cmpl. ¶ 18);

Chevron USA Inc. (Cmpl. ¶ 3);

Citgo Petroleum Corporation (Cmpl. ¶ 7);

ConocoPhillips Company (Cmpl. ¶ 16);

Continental Oil Company, n/k/a ConocoPhillips (Cmpl. ¶ 19);

Dow Chemical Company (Cmpl. ¶ 20);

Eastman Chemical Co. (Cmpl. ¶ 21);

El Paso Tennessee Pipeline Company LLC (Cmpl. ¶ 23); Epec Corporation (Cmpl. ¶ 24);

Exxon Mobil Corporation, incorrectly designated in the Complaint as "Exxon Mobil Corp." and "Mobil Oil Corp." (Cmpl. ¶¶ 10, 25)

Honeywell International Inc. (Cmpl. ¶ 11);

Mitsubishi International Corp. (Cmpl. ¶ 28_);

Mobil Oil Corporation (Cmpl. ¶ 10);

Monsanto Company (Cmpl. ¶ 30);

Occidental Chemical Corporation (Cmpl. ¶ 31);

Oxy USA Inc. (Cmpl. ¶ 32);

Pharmacia Corporation f/k/a Monsanto Company (n/k/a Pharmacia LLC) (Cmpl. ¶ 33);

Sabic Americas Inc. (Cmpl. ¶ 34);

Shell Chemical L.P. (Cmpl. ¶ 4);

Solutia Inc. (Cmpl. ¶ 35);

Sunoco, Inc. (Cmpl. ¶ 37);

Sun Oil Company (Cmpl. ¶ 38);

Tennessee Gas Pipeline Company LLC (Cmpl. ¶ 40);

    Texaco, Inc. (Cmpl. ¶¶ 9 & 41);

    Texas Petrochemicals, LP (Cmpl. ¶ 42);

    TPC Group, LLC (Cmpl. ¶ 43);

    TPC Holdings Corporation (Cmpl. ¶ 44);

    Union Oil of California (Cmpl. ¶ 6);

    Univar Solutions USA, Inc. (incorrectly named as Univar USA, Inc.) (Cmpl. ¶ 45);

    Westlake Chemical Corp. (Cmpl. ¶ 47);

    Williams Olefins LLC, n/k/a NOVA Chemicals Olefins LLC (Cmpl. ¶ 46).

    59.    Huntsman Petrochemical, LLC (Cmpl. ¶ 26) was served after service was made on DuPont and Shell. Pursuant to 28 U.S.C. § 1446, those defendants have 30 days from service on each to consent to removal.

    60.    Although the Court's docket reflects service on South Hampton Refining Company on April 19, 2021, on information and belief, South Hampton Refining Company has not been properly served as of the time of removal. The consent of defendants who have not been properly served is not required pursuant to 28 U.S.C. § 1446. In the alternative, pursuant to 28 U.S.C. § 1446, South Hampton Refining Company has 30 days from service to consent to removal. On information and belief, it is likely that South Hampton Refining Company, subject to due diligence and advice of counsel, will consent to removal after it has been properly served.

    61.    Although the Court's docket reflects service on Mitsui and Co. USA, Inc. on April 19, 2021, on information and belief, Mitsui and Co. USA, Inc. has not been properly served as of the time of removal. The consent of defendants who have not been properly served is not required pursuant to 28 U.S.C. § 1446. In the alternative, pursuant to 28 U.S.C. § 1446, Mitsui and Co. USA, Inc. has 30 days from service to consent to removal.

62. Plaintiff has not filed a return of service for Huntsman International LLC (Cmpl. ¶ 27), which has also represented to DuPont and Shell that it has not yet been served in the underlying action. *See* Exhibit 1, Executed Service of Process. As a result, joinder or consent of this defendant is not required. In the alternative, pursuant to 28 U.S.C. § 1446, Huntsman International LLC has 30 days from service to consent to removal.

63. Removal venue is appropriate because the Danville Division of the Western District of Virginia is the district and division within which the State Action is pending. 28 U.S.C. §§ 129(b) & 1446(a).

64. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on all counsel of record and filed with the clerk of the Circuit Court of the City of Danville, Virginia. A copy of the Notice to be given to the Clerk of Court for the Circuit Court of the City of Danville, Virginia, is attached hereto as Exhibit 5.

65. In accordance with to 28 U.S.C. § 1446(a), the following are attached to this Notice of Removal:

| | |
|---|---|
| All executed service of process served on DuPont | Exhibit 1 |
| All executed service of process served on Shell | Exhibit 2 |
| All state court pleadings served on DuPont and/or Shell | Exhibit 3 |
| State Court docket sheet | Exhibit 4 |
| Notice of Filing of Notice Of Removal | Exhibit 5 |
| Consents of co-defendants | Exhibit 6 |
| Order dismissing Tenneco, Inc. | Exhibit 7[3] |

---

[3] Obtained from state court to provide this Court with a complete record of party status.

14

There are no orders served upon DuPont or Shell.

66. Therefore, all the requirements are met for removal, and this action is removable pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

67. A Civil Cover Sheet accompanies this Notice of Removal, and DuPont and Shell have paid all required filing fees.

WHEREFORE Defendants E. I. du Pont de Nemours and Company and Shell Oil Company respectfully remove this action from the Circuit Court of the City of Danville, Virginia, to the United States District Court for the Western District of Virginia, Danville Division, pursuant to 28 U.S.C. § 1441, 1332(a)(1), and 1446.

Respectfully submitted,

/s/ Lori D. Thompson
Lori D. Thompson (Va. State Bar No. 41963)
Spilman Thomas & Battle, PLLC
310 First Street Suite 1100
Roanoke, VA  24011
Telephone: 540.512.1807
Facsimile: 540-342.4480
lthompson@spilmanlaw.com

ATTORNEYS FOR DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| DONNAMARIE NOBILI, <br> **Administrator of the Estate of** <br> **JOHN C. TOMER, Deceased,** <br><br> Plaintiff, <br><br> v. <br><br> **CHEVRON U.S.A., INC.,** *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I certify that, on April 23, 2021, I served a true and correct copy of the foregoing **Notice of Removal** upon all counsel of record by placing a true and exact copy thereof in the United States mail, postage prepaid, and addressed as follows:

Jon Ward (VSB # 90401)  
Adam L. White (VSB # 94301)  
PINTO COATES KYRE & BOWERS, PLLC  
3203 Brassfield Road  
Greensboro, NC 27410  
Telephone: (336) 282-8848  
Facsimile: (336) 282-8409  
awhite@pckb-law.com  
*Counsel for Plaintiff*

Kevin T. Hadden (VSB No. 74954)  
William R. Sievers (VSB No. 48776)  
MARKS & HARRISON, P.C.  
206 Greenville Ave  
Staunton, VA 24401  
Telephone: (540) 886-5790  
Facsimile: (540) 886-5793  
khadden@marksandharrison.com  
wsievers@marksandharrison.com  
*Counsel for Plaintiff*

                                                              /s/ Lori D. Thompson